COMPAGNIE FRANCAISE de PRODUITS CHIMIQUES et INDUSTRIELS du SUD-EST, Appellant,

v.

GAF CORPORATION, Appellee.

Patent Appeal No. 8938.

United States Court of Customs and Patent Appeals.

June 14, 1973.

J. Timothy Hobbs, G. Cabell Busick, Washington, D. C. (Mason, Fenwick & Lawrence, Washington, D. C.), for appellant.

W. M. Webner, New York City, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Judges, ALMOND, Senior Judge.

MARKEY, Chief Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board sustaining the opposition of appellee to registration of HELIANE by appellant for "vat dyes utilized in dyeing of fabrics." Appellee relied on its prior registrations and use of HELIO [1] for dyes and dyestuffs and HELIOGEN [2] for pigment dyestuffs. We affirm.

## OPINION

The goods are substantially identical and are sold in overlapping channels. Though appellant's brief emphasizes use of appellee's dyes in "plastics, paints and inks," the testimony of record establishes use on fabrics and for inking fabrics. Though appellant's brief lists numerous non-textile oriented magazines in which appellee advertises, the record includes appellee's ads in "Textile World."

The marks, considered in their entireties and under all the circumstances of this case, are sufficiently similar to cause a likelihood of confusion, deception or mistake. Appellant argues strenuously that the common prefix "Heli" is descriptive of dyes, citing derivative definitions found in *Webster's Third New International Dictionary* (1961). No evidence establishes familiarity of purchasers with those definitions or necessary application of those definitions by purchasers to appellee's marks. Appellant then alleges that appellee's marks are themselves substantially descriptive while its own mark HELIANE is arbitrary, coined and without meaning in the dye world. The record however contains appellant's statement to the examiner that its mark "is from the Latin word 'Helianine' which has a meaning of a red coloring compound."

The record further establishes appellee's and its predecessor's exclusive use in the United States, beginning almost half a century ago, of marks beginning with "Heli" and appellee's active and successful efforts to maintain that exclusivity. In 1965–66, annual sales approximated $76,000 under HELIO and $6,000,000 under HELIOGEN. The case is thus unlike those illustrated by Air Products, Inc. v. Marquette Manufacturing Co., Inc., 301 F.2d 348, 49 C.C.P.A. 973 (1962), wherein prefixes used by both parties and constituting terms of common descriptive connotation were disregarded in determining a likelihood of confusion. We think viewers of HELIANE who are familiar with the fact that marks beginning with "Heli" have for so long indicated a single source of dyestuffs could believe HELIANE to be another dye from that source.

If there be doubt, the present case is an appropriate one for application of the practice of resolving doubt in favor of the long established user and against the newcomer to whom the entire lexicon is available for construction of an unquestionably distinct mark.

Appellant argues strongly that the board erred in refusing its motion to strike appellee's brief. Appellee filed a single brief, designated "Reply Brief," after appellant had filed its brief. Appellant has not made its brief of record here and we cannot therefore judge whether appellee included material not properly in reply to it. The board, in denying the motion, said it would not consider anything in appellee's brief which was not properly in *reply* to appellant's brief. We find support in the record for each holding of the board and are thus convinced that the board did exactly as it said it would. The failure

1. Registration No. 180,180, issued February 26, 1924.

2. Registration No. 349,318, issued August 24, 1937.

to file a timely main brief to which appellant could have responded is not to be encouraged. We do not feel, however, that the board was influenced by or made its decision in response to any "non-reply" type material in appellee's brief and cannot see therefore how appellant was in any way prejudiced by the action of the board.

■ Similarly, the board refused to allow appellant to rely on material introduced by appellee because (1) it was not introduced by appellant under the Trademark Rules and (2) because it was irrelevant, being related only to use of marks having the prefix "Heli" outside the United States. Since the board was clearly correct as to (2), appellant's arguments regarding (1) are moot.

For all of the foregoing reasons, we find no controlling error in any aspect of the decision below. Accordingly, it is affirmed.

Affirmed.